IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MATTHEW N.P. JONES, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 18-1382-RGA |
| DR. ANIS AHMED and FELLOWSHIP HEALTH RESOURCES, | : | |
| Defendants. | : | |

Matthew N.P. Jones, Greenwood, Delaware. Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

February 11, 2019
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on September 5, 2018. (D.I. 2). He asserts jurisdiction by reason of a federal question. The Court screens the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). In addition, Plaintiff moves for my recusal. (D.I. 5).

**BACKGROUND**

Plaintiff alleges the acts complained of occurred from 2007 through 2010 and in 2018, but provides no specific dates. (D.I. 2 at 2). The allegations are similar to those raised in Civ. No. 17-394-RGA. Plaintiff spent four years (presumably 2007 through 2010) in a court-ordered program, administered by Defendant Fellowship Health Resources, and under the care of Defendant Dr. Ahmed. (*Id.* at 3). Plaintiff alleges that trials are held every month for court-ordered patients, and during those four years he never received a trial date to plead for his release. (*Id.*). Plaintiff alleges his civil rights were violated because he was deprived of his right to trial under the Sixth Amendment, 42 U.S.C. § 9502, and 42 U.S.C. § 1985. (*Id.*).

Plaintiff alleges that he is forced to take medications that are unhealthy for his body. (*Id.*). He alleges this violates federal criminal statutes. (*Id.*). Plaintiff alleges that the side effects of the medications and injections he was forced to take were not discussed with him, and he was not provided with literature or alternative options in violation of 42 U.S.C. § 9501 1 (C) i-vi. (*Id.*). Plaintiff alleges that his "condition was maliciously made," "a known falsehood, schizophrenia. Symptoms of the disease were that [Plaintiff] 'delusionally' believe[s] that Linda C. Jones is not [Plaintiff's] birth mother" in violation of 18 U.S.C. § 1035. (*Id.*). Plaintiff alleges that schizophrenia can be

1

detected by a brain scan, but Defendants did not conduct a scan. (*Id.* at 4). Plaintiff alleges that "on his own," he paid to scan his brain for schizophrenia and other mental illness. (*Id.*). The results indicate that he has a disease free and healthy brain. (*Id.*).

Plaintiff alleges that the misdiagnosis and intolerable poisonings constitute cruel and unusual punishment in violation of the Eighth Amendment. (*Id.* at 6). He alleges the mental health mistreatment coincide with life-long abuse, assault, attempted murder and rape by the Sussex County Court System and Delaware Attorney General's Office. (*Id.*). Plaintiff alleges Defendants' actions have prevented him from owning a firearm in violation of the Second Amendment, and Defendants falsified Plaintiff's records in violation of the Thirteenth Amendment. (*Id.*). He alleges the illegal activity of supervision and diagnosis of illiteracy and insanity hinder his First Amendment rights to freedom of speech and religion. (*Id.*). Plaintiff invokes his Seventh Amendment right to trial. (*Id.*).

Plaintiff alleges he has been injured from head to toe. (*Id.* at 8). The antipsychotics given him have poisoned his body and brain. (*Id.*). The reputation of a schizophrenic man hinders his work and ability to find work. (*Id.*). He seeks two billion dollars in damages. (*Id.* at 8).

**RECUSAL**

Plaintiff moves for my recusal under 28 U.S.C. § 455(a). (D.I. 5). He claims that I have been abusive in denying him *in forma pauperis* status and refusing to issue U.S. Marshal service of summons and complaint in cases where he was granted *in forma pauperis* status. Jones contends that I set and hold him to deadlines, but do not hold his opponents to any deadlines, including deadlines of default judgment. He contends

2

that even after evidence has been provided, I have taken no action on his behalf. Thus, Plaintiff contends that he remains kidnapped, raped, and poisoned under a false identity, all in violation of his First, Second, Eighth, and Thirteenth Amendment rights.

A judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

It is evident that Plaintiff takes exception to my prior rulings and this serves as his basis to seek recusal. A reasonable, well-informed observer could not believe that the rulings were based on impartiality, bias, or actual prejudice by me. Nor do my rulings demonstrate the Court acting in such manner when ruling in the cases wherein Jones is a party. After careful and deliberate consideration, the undersigned concludes that the Court has no actual bias or prejudice towards Jones and that a reasonable, well-

3

informed observer would not question the Court's impartiality. Considering the foregoing standard and after considering Plaintiff's assertions, I conclude that there are no grounds for my recusal under 28 U.S.C. § 455. Therefore, I will deny the motion.

## SCREENING THE COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the

4

Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding

5

whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Although the date of 2018 is mentioned, it is apparent that the claim is based on actions in 2007 to 2010. Thus, while there are reasons why the claims are insufficiently pled, the claims on their face are barred by the statute of limitations. (Plaintiff appears to recognize this, as he states there is no "statute of limitations on capital offenses." (D.I. 2 at 3). But that statement is irrelevant, as the case does not involve a capital offense.).

**Sixth Amendment**, 42 U.S.C. § 1983. Plaintiff alleges he was deprived of his right to trial in violation of the Sixth Amendment. He alleges that during the time he was in the court ordered Fellowship Health Resources program he never received a trial date to plead for his release. To the extent the claim is raised pursuant to 42 U.S.C. § 1983, the claim fails as a matter of law. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint does not allege that Defendants are state actors. The Court takes judicial notice that Fellowship Health Resources is a private, not-for-profit behavioral health organization, incorporated in 1975. *See* https://www.fhr.net/about-us (last visited Nov. 13, 2018). Dr. Ahmed is a psychiatry specialist affiliated with many hospitals. *See* https://www.healthcare6.com/physician/seaford-de/anis-ahmed-438560.html (last visited Nov. 13, 2018). To the extent Plaintiff intends to raise § 1983

6

claims against Defendants, they will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Any § 1983 claims that occurred during the time-frame of 2007 through 2010 are time-barred. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1167 (3d Cir. 1986). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). Under this scenario, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff did not file his Complaint until September 5, 2018. It is evident from the face of the Complaint that the claims for alleged wrongful acts during the time-frame of 2007 through 2010 are barred by the two-year limitations period.

7

**Conspiracy**, 42 U.S.C. § 1985. Plaintiff invokes 42 U.S.C. § 1985 when alleging violations of the Sixth Amendment. The Complaint does not indicate under which paragraph the alleged violation occurred. Paragraph (1) (preventing officer from performing duties) is inapplicable. Therefore, the Court turns to Paragraphs (2) and (3).

To state a claim pursuant to 42 U.S.C. §§ 1985(2) and (3), Plaintiff must allege that racial, or otherwise class-based, invidiously discriminatory animus lay behind Defendants' actions. *Parrott v. Abramsen*, 200 F. App'x 163, 166 (3d Cir. 2006) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993); *D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992); *Pratt v. Thornburgh*, 807 F.2d 355, 357 (3d Cir. 1986)). In addition, the Complaint must set forth facts from which a conspiratorial agreement between Defendants can be inferred. *Parrott v. Abramsen*, 200 F. App'x at 166 (citing *Forbes v. Reno*, 893 F. Supp. 476, 483 (W.D. Pa. 1995), *aff'd*, 91 F.3d 123 (3d Cir. 1996) (table)). The Complaint meets neither requirement and, therefore, fails to state a claim under § 1985. The claim will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**Federal Criminal Statutes**. Plaintiff refers to several federal criminal statutes including 18 U.S.C. §§ 1115, 1117, and 1035. To the extent that Plaintiff seeks to impose criminal liability upon Defendants pursuant to the criminal statutes upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests

8

with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). Therefore, the criminal claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**Mental Health Bill of Rights**, 42 U.S.C. § 9501. The Complaint alleges violations of 42 U.S.C. § 96501. Numerous court have determined that the Mental Health Bill of Rights, 42 U.S.C. § 9501, does not create a private right of action. *See e.g., N.A.M.I. v. Essex Cty. Bd. Of Freeholders*, 91 F. Supp. 2d 781, 786 (D.N.J. 2000) ("This Court agrees with the Court of Appeals for the First Circuit and the District Court for the Eastern District of Pennsylvania that the Restatement of Bill of Rights for Mental Health Patients does not create any judicially enforceable rights or duties."); *see also, Merryfield v. Schearrer*, 2008 WL 4427656, at *6 (D. Kan. Sept. 25, 2008); *Semler v. Finch*, 2008 WL 4151825, at *9 (D. Minn. Sept. 3, 2008), *aff'd*, 333 F. App'x 156 (8th Cir. 2009); *Benge v. Pounds*, 2008 WL 384567 at *3 (D. Colo., Feb. 7, 2008) ("Nothing in the language of the statute indicates an intent by Congress that the 'Restatement of Bill of Rights for Mental Health Patients' should create a private cause of action."); *Green v. Lichtcsien*, 2001 WL 78915, *3 (N.D. Ill. Jan. 26, 2001). The Court follows this reasoning. The § 9501 claims are thus dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**Deficiently Pled.** Finally, while many of the allegations are conclusory, and somewhat delusional, it is possible that Plaintiff could allege something that happened within the statute of limitations, and thus the Court will permit Plaintiff to amend the complaint if he does so within twenty-one days.

9

## CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's motion to change judge (D.I. 5); and (2) dismiss the Complaint in part as frivolous and in part as failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The Court will permit amendment if it occurs within twenty-one days.

An appropriate order will be entered.